Mr. James T. Clark Executive Director Arkansas State Crime Laboratory #3 Natural Resources Drive P.O. Box 5274 Little Rock, AR 72215
Dear Mr. Clark:
This is in response to your request for an opinion regarding A.C.A. § 16-83-101. You have asked, specifically, whether the powers granted therein apply to persons and/or documents needed to testify as to results of tests performed on evidence submitted, or whether it allows for turning over of physical evidence kept at the laboratory.
Section 16-83-101 states:
 (a)(1) The coroner shall have power to summon witnesses and, in case of their neglect to appear pursuant to the summons, to arrest them and compel their attendance.
 (2) He may also issue subpoenas for, and attachments for contempt against, witnesses, directed to the constable of any township in the county.
 (b) It shall be the duty of the coroner, on probable cause, supported by oath that a person has committed murder or manslaughter, to arrest the person and safely keep him for examination.
Our research has not disclosed any case or other specific statute offering guidance on this precise question. A review of provisions pertaining to the coroner's inquest and the State Crime Laboratory suggest, however, that A.C.A. § 16-83-101 should not be construed as establishing the coroner's general subpoena power in connection with actual specimens or other physical evidence maintained by the State Crime Lab. While the coroner's clear power under § 16-83-101(a)(2) to subpoena witnesses may, as a general matter, also encompass records or information,[1]
the State Crime Lab provisions do not appear to require or authorize the release of crime lab physical evidence.
The State Crime Lab, which is established under A.C.A. §12-12-301(a), must "offer services to law enforcement in pathology and biology, toxicology, criminalistics . . . and in other such areas as the State Crime Laboratory Board may deem necessary and appropriate." A.C.A. § 12-12-301(b). It may reasonably be concluded that a coroner, as a "conservator of the peace" with law enforcement powers (A.C.A. § 14-15-301), is included as a recipient of these services. Under § 12-12-318(a), the Crime Lab "shall make such examinations or investigations or perform such autopsies to determine the cause of death . . . as may be requested by the coroner of the county in which death occurs or is discovered. . . ."
It is thus clear that a coroner may draw upon the Crime Lab's services, including its examinations and investigations. Consideration must also be given to A.C.A. § 12-12-313 with regard to the use of Crime Lab records as evidence wherein it states: "All records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence as to the facts in any court or other proceeding when duly attested to by the employee who performed the analysis." A.C.A. §12-12-313(d)(1) (Supp. 1989) (emphasis added). It is my opinion that the phrase "other proceeding" may reasonably encompass a coroner's inquest. This provision does not appear to contemplate, however, the release of actual specimens or other physical evidence. Rather, records and reports are to be introduced through the State Crime Lab analyst. The coroner's power to issue subpoenas (§ 16-83-101) and to use "all proper means" to ascertain the truth (A.C.A. § 16-83-104) must, in my opinion, be read together with these provisions when the evidence sought pertains to the State Crime Lab.
As a final note, the confidentiality of State Crime Lab records, files, and information should be considered. Under A.C.A. §12-12-312(a)(1), the "records, files, and information kept, obtained, or retained" by the Crime Lab are "privileged and confidential." They may be released only "under and by the direction of a court of competent jurisdiction or the prosecuting attorney having criminal jurisdiction over the case." Id.
Although it is not clear whether this provision encompasses physical evidence, it does suggest the prudency of obtaining direction from a court or the prosecuting attorney for the release of items or materials other than records and reports of evidence analysis, which as noted above may be received as evidence by the coroner under A.C.A. § 12-12-313(d).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Although the power to subpoena records and documents, as well as persons, is often clearly spelled out in the statutes [E.g., A.C.A. § 14-169-213 (housing authorities; A.C.A. §25-16-705 (Attorney General); A.C.A. § 12-13-112 (Director of State Police)], it must be recognized that the coroner has the power under A.C.A. § 16-83-104(b)(1) to use "all proper means" to ascertain the truth when inquiring into the cause, manner, and circumstances of death. This broad authority may ordinarily reasonably encompass records, documents, and other necessary information.